UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRIS SMITH,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>WARDEN,<br><br>　　　　Respondent. | CAUSE NO. 3:22-CV-219-MGG |

OPINION AND ORDER

Chris Smith, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-21-4-3) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of attempted battery against staff in violation of Indiana Department of Correction Offenses 111 and 117. Following a hearing, he was sanctioned with a loss of one hundred eighty days earned credit time.

Smith argues that he is entitled to habeas relief because a correctional officer falsely accused him of battery in another disciplinary case and because the surveillance video recording will show that Sergeant Stovall battered Smith and that Smith did not attempt to touch Sergeant Stovall. To start, the view of Smith's cell on the surveillance video recording is obstructed and does not show what Smith describes. ECF 14. Further, Smith did not raise these arguments on administrative appeal. ECF 10-6. Generally, State prisoners must exhaust available State court remedies to obtain habeas relief in federal court. 28 U.S.C. § 2254(b). However, "Indiana does not provide judicial review

of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). Because Smith did not exhaust his administrative remedies with respect his claims, these claims are not a basis for habeas relief.

If Smith wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DISMISSES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Chris Smith leave to proceed in forma pauperis on appeal.

SO ORDERED on July 15, 2022

s/ Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge